No. 76. Barrett et al. v. Waters et al. Appellants obtained an injunction on a bill to enjoin certain taxes. A motion to modify the injunction was made and overruled, whereupon appellees filed their answer, and appellants dismissed their bill. A suggestion of damages was filed, evidence heard and twenty-five dollars allowed as solicitors' fees, and a decree for that amount entered against appellants, from which they appeal, and ask a reversal upon the following grounds: First, because the bill was voluntarily dismissed by appellants. Everything had been done by the defendants in the bill that they could do to effect a dissolution, and when appellants dismissed their bill it was a confession that the injunction had been improperly issued. The notice governing them in such dismissal is not important. It is asserted in appellees' brief that the record discloses that the decree dismissing the bill was not filed until after the suggestion of damages had been filed and acted upon by the court. The court has examined the record and finds it silent upon this point, and therefore indulges the presumption that such is the fact. It was the duty of the circuit court to know, when it passed upon the suggestion of damages, that it had been filed prior to the filing of the decree dismissing the bill, and this court must presume, in the absence of all evidence to the contrary, that the court proceeded regularly and performed its duty according to the due course of law : Camp v. Small, 44 Ill. 37; Morton v. The People, 47 Ill. 468 ; Curyea v. Berry, 84 Ill. 600. The last objection is that the attorney who appeared for appellees and prepared their answer, was the master in chancery, and had originally granted the preliminary injunction, and was not therefore competent to appear as their counsel. The master

at the time of passing upon the question of ordering the writ to issue, was not interested in the contest. Afterward he could have nothing to do with it as master. His duty had been performed, and the court is referred to no authority which would prevent him from afterward appearing as counsel in the case, nor does the court think any can be found. Decree affirmed. Opinion by CONGER, J. Judge below, C. B. SMITH. Attorneys, for appellant, Mr. J. S. WOLFE; for appellee, T. J. SMITH. Opinion filed Feb. 25, 1886.

